**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BANQU, INC.,<br><br>                              Plaintiff,<br><br>      v.<br><br>KEURIG TRADING SÀRL,<br><br>                              Defendant. | Civil Case No. 1:24-cv-05020 (LGS)<br><br>**STIPULATION AND ~~[PROPOSED]~~**<br>**PROTECTIVE ORDER** |

The Parties jointly submit this Stipulation and [Proposed] Protective Order (the "Stipulated Protective Order") for the purposes set forth herein and respectfully request that the Court so-order it, as follows:

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the above captioned action (the "Action") are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  The parties further acknowledge, as set forth in § 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3, which sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. The parties acknowledge that

the Court retains discretion as to whether, in Orders and Opinions, to afford confidential

treatment to information that the parties have redacted, sealed, or designated as confidential.

**2.    DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

information or items under this Order.

2.2    "<u>CONFIDENTIAL</u>" Discovery Material: Discovery Material that warrants

protection from public dissemination, including, without limitation:

(a)    Material qualifying for protection under Federal Rule of Civil Procedure 26(c);

(b)    Information that constitutes a trade secret in accordance with Uniform Trade

Secrets Act;

(c)    Non-public communications with regulators or other governmental bodies that are

protected from disclosure by statute or regulation;

(d)    Information, materials, and/or other documents reflecting non-public business or

financial strategies, financial data, consumer or market research data, and/or confidential

commercial information that, if disclosed, would result in competitive harm to the disclosing

party;

(e)    Personal identifiable information; and

(f)    Information protected by an existing contractual obligation requiring the

Designating Party to maintain the confidentiality of the information.

However, the protections conferred by this Order do not cover the following

information:

(a)    Information that is in the public domain at the time of disclosure to a Receiving

Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

publication not involving a violation of this Order; and/or

(b)      Any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

2.3      <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staffs).

2.4      <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

2.5      <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are disclosed, produced or generated in disclosures or responses to discovery in this matter, including, but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

2.6      <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7      <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material</u>: extremely sensitive "CONFIDENTIAL Discovery Material," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>In-House Counsel</u>:  attorneys who are employees of a Party to this Action with responsibility for overseeing the prosecution or defense of this Action.

2.9     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this Action.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, court reporting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

4

Material.  This Order is without prejudice to the right of any Party or Non-Party to seek further or additional protection of any Discovery Material or to modify this Order.

**4.      DURATION**

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Court shall retain jurisdiction to enforce the terms of this Order after the conclusion of the Action.

**5.      DESIGNATING PROTECTED MATERIAL**

<u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate  standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the inapplicable designation.

5.1    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)    <u>Information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): the Producing Party must affix the legend "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. Electronic Files and Documents Produced in

6

Native Electronic Format. To designate a native electronic document or file, the Designating Party shall include in the file name or other appropriate designator (1) the word or phrase corresponding with the designated level of protection – *i.e.*, "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" – and (2) a unique, sequential production number. When electronic files or documents produced in native format are printed for use at deposition, a court proceeding, a court filing, or for provision to an Expert, the Party printing the electronic files or documents shall affix to the printed document a legend that includes the production number and designation associated with the native file.

(c)    <u>Other Information Communicated Electronically</u>. For any other information transmitted to a Party by electronic means, the word or phrase corresponding with the designated level of protection—*i.e.*, "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" – shall appear in the subject of the electronic mail or in the title or other prominent location of the digital document or media through which the information is conveyed.

(d)    Other Tangible Items.  To designate any other tangible items, the Designating Party shall (i) affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a prominent place on the exterior of the container or containers in which the information or item is stored, or (ii) communicate in writing to all Parties, at or before the time of Production, that the item is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) in a written communication to all Parties.

(e)    <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the Designating Party must identify on the record, before the close of the deposition, hearing, or other proceeding, or within thirty (30) days of receipt of the deposition transcript from the court reporter ("30 Day Period") all protected testimony and specify the level of protection being asserted.  The entire deposition transcript will be considered by the Parties as "HIGHLY

7

CONFIDENTIAL – ATTORNEYS EYES ONLY" during the 30-Day Period. After the 30-Day Period, if no Party has designated some or all of that deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Protective Order, the entire deposition, or those portions of the deposition not designated as confidential, will no longer be considered confidential.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

5.2    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph 6.2 of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely way.

  6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion challenging the confidentiality designation under Judge Schofield's Rule III.C.3. (and in compliance with Local Rule 37.2, if applicable) within 21 days of the parties reaching impasse following the meet and confer process. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding

paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days of reaching impasse shall automatically waive the challenge to the confidentiality designation for each challenged designation.

While the process set forth in this section is underway, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of § 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Discovery Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation (for clarity, neither Outside Counsel of Record nor their direct employees are obligated to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A);

(b)      the officers, directors, and employees (including In-House Counsel) of the Receiving Party who are assisting with or making decisions concerning this Action, only to the extent disclosure is deemed reasonably necessary by the Receiving Party's Outside Counsel of Record for the purpose of assisting in the prosecution of defense of the Act, provided such officers, directors, and employees have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      Experts (as defined in this Order) of the Producing Party may be shown or examined on any Discovery Material designated "CONFIDENTIAL" by the Producing Party;

(e)      the Court and its personnel;

(f)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)      any witness during such witness's deposition or examination in a court proceeding  if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or if the Producing Party consents to such disclosure, provided that any deponent who is no longer employed by the Producing Party shall be first required to sign the Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)      Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

11

(j)      any other person as to whom the Designating Party has consented to disclosure in advance;

(k)      such other persons as the parties may agree or may be ordered by the Court; and

(l)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3      <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Discovery Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation; for clarity, neither Outside Counsel of Record nor their direct employees are obligated to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)      In-House Counsel for the Receiving Party, provided that such In-House Counsel is actively involved in prosecuting or defending this Action;

(c)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the Court and its personnel, and any appellate court or other court, special master, and/or referee (and their personnel) before which the Parties appear in this Action;

(e)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8.    PATENT PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to supply-chain software before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to a reissue protest, *ex parte* reexamination or inter-parties reexamination).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this Action.

## 9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party unless prohibited by law from doing so. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to

this Stipulated Protective Order. Such notification shall include a copy of this Stipulated

Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this Action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

determination by the court from which the subpoena or order issued, unless the Party has

obtained the Designating Party's permission. The Designating Party shall bear the burden and

expense of seeking protection in that court of its confidential material—and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this Action to

disobey a lawful directive from another court.

## 10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Stipulated Protective Order are applicable to information

produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties

in connection with this Action is protected by the remedies and relief provided by this Stipulated

Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party

from seeking additional protections.    Any Party issuing a subpoena to a Non-Party in this

Action shall provide a copy of this Order to the Non-Party.

(b)     In the event that a Party is required, by a valid discovery request, to produce a

Non-Party's confidential information in its possession, and the Party is subject to an agreement

with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party, unless such disclosure is prohibited by law.

(c)      If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If information is produced in discovery that is subject to a claim of privilege, attorney work product, or of protection as trial-preparation material, the Party making the claim may notify any Party that received the information of the claim and the basis for it.  After being notified, a Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction against the Receiving Party presenting the substance of the allegedly privileged information to the Court for a determination of the claim.

The production of privileged or work product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**13.    MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any Party or person to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3    <u>Prohibition on Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks

to file under seal any Protected Material must comply with Judge Schofield's Rule I.D. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.

13.4    <u>Redaction of Non-Responsive or Irrelevant Information</u>.  Nothing in this Order abridges the right of the Disclosing Party to redact information that is not responsive to a discovery request, is not relevant to any party's claim or defense, is privileged, or is otherwise protected from disclosure by the Federal Rules of Civil Procedure or an applicable privilege.

13.5    <u>No Modification of Privileges</u>. Nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege.

13.6    <u>Relevance and Privileged Status of Designated Material</u>.  Nothing in this Agreement shall be construed as a concession by any Party of the relevance or lack of relevance of any information or documents or as a concession regarding the alleged privileged nature of any information or documents, nor shall this Agreement be construed to require a Party to produce information that it contends to be privileged, or to prevent the Parties from discovering documents or other information.

## 14.    FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in § 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in § 4.


[Signature page follows]

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Dated:    November 5, 2024                **ANDERSON KILL P.C.**

By: */s/ Difie Osborne*
Douglas S. Curran.
Jonathan Kortmansky
Difie Osborne
Joshua Zelen
1251 Avenue of the Americas
New York, NY 10020-1182
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
dcurran@andersonkill.com
jkortmansky@andersonkill.com
jzelen@andersonkill.com

*Attorneys for Plaintiff BanQu, Inc.*

**DORSEY & WHITNEY, LLP**

By: *Creighton R. Magid*
Elizabeth Rozon Baksh
51 West 52nd Street, NY 10019
Telephone: (212) 415-9200
baksh.elizabeth@dorsey.com

Creighton R. Magid (*pro hac vice*)
1401 New York Avenue, NW, Suite 900
Washington, DC 20005
Telephone: (202) 442-3555
magid.chip@dorsey.com

*Attorneys for Defendant Keurig Trading Sàrl*

**IT IS SO ORDERED:**

New York, New York
November 8, 2024
_____

Date

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

19

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of

_____ [print full address], declare under

penalty of perjury that I have read and understand the Stipulated Protective Order that was

issued by the United States District Court for the Southern District of New York on

_____, 2024 in the case of *BanQu, Inc. v. Keurig Trading Sàrl*, Case No. 1:24-

cv-05020-LGS.

      I agree to comply with and to be bound by the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


_____     _____
Date                                                                  Signature


_____
City and State where Executed